# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| C.H., a minor, by and through her father and best friend, CHRISTOPHER HOOD,<br><br>    Plaintiffs,<br><br>v.<br><br>EVAN MAJOR, in his individual and official capacities as Superintendent of the Shelby County Board of Education; the SHELBY COUNTY BOARD OF EDUCATION; MICHELLE HEAD, in her individual and official capacities, as Asst. Principal of Chelsea Elementary School, and HELEN RARDIN, in her individual and official capacities as Director of Owens House; OWENS HOUSE; and THE SHELBY COUNTY ADVOCACY CENTER, INC.,<br><br>    Defendants. | Case No.: 2:05-CV-1032-RDP |

## MEMORANDUM OPINION

The court has before it Defendants Shelby County Board of Education, Michelle Head, and Evan Major's Amended Verified Motion to Dismiss Amended Complaint. (Doc. # 24). The motion has been fully briefed, and the court has set oral argument on this motion for Tuesday, August 16, 2005. Having reviewed the parties' briefs, however, the court finds that oral argument is not necessary. Accordingly, the hearing set for August 16, 2005 will be cancelled. For the reasons outlined below, the court finds that Defendants' motion is due to be denied.

**I.    Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for failure to

state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). A court may dismiss a complaint under Rule 12(b)(6) only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving party." *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1047 (11th Cir. 2002) (citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998)). "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (citing *Marsh v. Butler County*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) (en banc)). Further, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (emphasis in original)(citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967)). Nevertheless, conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal. *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002); *see Kane Enters. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003) ("[A] plaintiff must plead specific facts, not mere conclusional allegations, to avoid dismissal for failure to state a claim. We will thus not accept as true conclusory allegations or unwarranted deductions of fact.") (internal citations omitted); *Kirwin v. Price Commc'ns. Corp.*, 274 F. Supp. 2d 1242, 1248 (M.D. Ala. 2003) ("[A]lthough the complaint must be read liberally in favor of the plaintiff, the court may not make liberal inferences beyond what

has actually been alleged."), *aff'd in part*, 391 F.3d 1323 (11th Cir. 2004).

## II.     Issues Before the Court

On August 4, 2005, Plaintiff "C.H., a minor, by and through her father and best friend, Christopher Hood," filed a Second Amended Complaint against Evan Major, Superintendent of the Shelby County Board of Education; the Shelby County Board of Education; Michelle Head, Assistant Principal of Chelsea Elementary School; Helen Rardin, Director of the Owens House; Owens House; and the Shelby County Advocacy Center, Inc. (Doc. # 28). Plaintiff's amended complaint asserts that C.H., a first grade student taught by Courtney Cash at Chelsea Elementary School, was subjected to an unwelcome sexuality education presentation at school which deprived C.H.'s father, Christopher Hood, of his parental right to "opt-out" of such sexuality presentations under the Alabama State Department of Education's exemption policy. (Doc. # 28). The claims in this case have been brought under 42 U.S.C. § 1983, and Christopher Hood claims that the deprivation of his alleged right to "opt-out" of the school's sexuality presentation violated his Fourteenth Amendment rights to due process and equal protection (Count I) and his First Amendment right to freedom of expression (Count II). (Doc. # 28). Although Plaintiff amended the complaint to include the sentence "42 U.S.C. § 1983 is also invoke to allege the violation of Code of Alabama, § 16-40A-2 (1975) and supplemental state jurisdiction," Plaintiff makes no separate claim under that Code section.

Defendants argue that Plaintiff's claims are due to be dismissed because (1) Plaintiff filed essentially the same lawsuit in the Circuit Court of Shelby County; (2) the affidavit of Courtney Cash demonstrates that this lawsuit constitutes "frivolous litigation;" (3) Plaintiff fails to state a violation of due process because no property right of Plaintiff has been abridged; (4) Plaintiff fails to articulate

a violation of the First Amendment; (5) Plaintiff fails to state a violation of any articulated civil right(s); and (6) to the extent that Plaintiff seeks punitive damages, such damages are barred. (Doc. # 24).

### III.  Discussion

Defendants' motion to dismiss is due to be denied. First, the court notes that although Defendants have not explicitly argued that Plaintiff's claims are barred by res judicata, that argument is implied by their allegation that Plaintiff filed essentially the same lawsuit in the Circuit Court of Shelby County. Defendants' motion attaches matters outside of the pleadings, *i.e.*, the Affidavit of Courtney Cash, C.H.'s first grade teacher at Chelsea Elementary.[1]  (Doc. # 24, Exs. A-B).

Rule 12(b) provides: "If on a motion ... to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b)(6). However, "[i]t is within the judge's discretion to decide whether to consider matters outside of the pleadings that are presented to the court." *Jones v. Automobile Ins. Co. of Hartford, Conn*, 917 F.2d 1528, 1531-32 (11th Cir. 1990); *Property Management & Investments, Inc. v. Lewis*, 752 F.2d 599, 604 (11th Cir.1985). As already noted, the court can take judicial notice of the Shelby County court materials. Because those materials indicate that the claims in that matter were dismissed without prejudice (Doc. # 24, Ex. B),

---

[1] Defendants also attached court documents from the Circuit Court of Shelby County case. The court, pursuant to *U.S. v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987), can take judicial notice of the Shelby County court records presented, and therefore the court need not convert the motion to a Rule 56 motion in order to consider that evidence.

the court finds that the doctrine of res judicata is inapplicable here.

Defendants' other Rule 12(b)(6) arguments – that Plaintiff fails to state violations of the Fourteenth Amendment, First Amendment, or any articulated civil right(s) – rely in large part upon the Affidavit presented by Ms. Cash. As noted above, it is within the court's discretion to convert Defendants' motion to a Rule 56 motion and to consider the evidence submitted by Ms. Cash. Given the early stage of this litigation in which no discovery has yet been conducted, the court is not inclined to do so. Without consideration of Ms. Cash's affidavit, and "accept[ing] all well-pleaded factual allegations in the complaint as true," the court finds that Defendants have not shown that it "appears beyond a doubt that [P]laintiff can prove no set of facts in support of his claims which would entitle him to relief." Accordingly, Defendants' motion to dismiss is due to be denied as to the remainder of the 12(b)(6) arguments.

Defendants' only remaining argument is that to the extent that Plaintiff seeks punitive damages, such damages are barred. The court believes that the issues of whether punitive damages are appropriate in this case, and to which parties they may properly be asserted, are matters that can be resolved amicably by agreement of the parties or, in the absence of that, at a later date closer to a pre-trial conference in this case. The court does raise, *sua sponte*, the issue of whether Plaintiff's pleadings have identified the real party in interest in this case. The Second Amended Complaint is brought by "C.H., a minor, by and through her father and best friend, Christopher Hood." (Doc. 28). To the extent Christopher Hood is suing as "next friend," he is not the real party in interest under Rule 17(c). *See, e.g., Hall v. Hague*, 34 F.R.D. 449 (D. Md. 1964). Nonetheless, the only claims asserted in this case relate to Christopher Hood's alleged parental right to exempt his daughter from school sponsored sexuality education presentations, not to C.H.'s rights. Accordingly, the court will

5

order the parties to conduct a face-to-face meeting to discuss these issues and, if an agreement is reached, the court will allow Plaintiff to amend the complaint for the limited purpose of addressing those issues.

**IV.     Conclusion**

For the reasons stated above, Defendants' motion to dismiss (Doc. #24) is due to be denied. A separate order will be entered.

**DONE** and **ORDERED** this _____12th_____ day of August, 2005.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE